## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

E. M. M.,

      Plaintiff,

      v.

Commissioner of Social Security,

      Defendant.

Case No. 2:22-cv-285

Judge Michael H. Watson

Magistrate Judge Deavers

### OPINION AND ORDER

Plaintiff filed an application for a period of disability and Disability Insurance Benefits, but his claim was denied initially and on reconsideration. Plaintiff thereafter attended a telephone hearing before an Administrative Law Judge ("ALJ"), who issued a decision finding Plaintiff not disabled.  Plaintiff appealed to this Court, and the Magistrate Judge issued a Report and Recommendation ("R&R") recommending the Court affirm the Commissioner's decision.  Plaintiff has timely objected to the R&R.

### I.      STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), the Court reviews de novo those portions of the R&R that were properly objected to.

## II.    ANALYSIS

Plaintiff objects that the ALJ ignored the fact that Plaintiff has an impairment of syncope and also ignored the Vocational Expert's ("VE") testimony that there was no work Plaintiff could perform.  Obj. 1–2, ECF No. 11.

### A. Syncope

Plaintiff's first objection is overruled because it was not raised in the Statement of Specific Errors.  Although Plaintiff mentions in the Statement of Specific Errors that the ALJ "found that [Plaintiff] is being treated for 'syncope[,]'" the Statement of Specific Errors nowhere alleges that the ALJ erred by failing to consider the functional limitations caused by syncope.  *See* Stmt. Specific Errors, ECF No. 8; R&R 9, ECF No. 10–11 (construing Statement of Specific Errors and noting Plaintiff's failure to fully develop his arguments).  Plaintiff thus forfeited the argument.  *Kelli R. H. v. Comm'r of Social Sec.*, No. 2:21-cv-1097, 2022 WL 3355251, at *2 (S.D. Ohio Aug. 15, 2022) ("[T]his objection was not raised in the Statement of Specific Errors and is, therefore, forfeited." (collecting cases)); *cf. Stephanie H. v. Comm'r of Social Sec.*, 560 F. App'x 547, 551 (6th Cir. 2014) (finding the plaintiff waived her argument that the ALJ failed to recognize PTSD as a severe impairment because she cited "no evidence or authority to show that inclusion of PTSD . . . would have changed the ALJ's assessment of her functional limitations").

In any event, the ALJ did *not* ignore Plaintiff's syncope.  The Court therefore finds, in the alternative, that Plaintiff's objection fails on the merits.

First, the ALJ acknowledged that the medical record showed treatment for syncope and other conditions but concluded that "these impairments, considered singly or together, have caused only transient and mild symptoms and limitations, are well controlled with treatment, have not met the 12-month-durational requirements, or are otherwise not adequately supported by the medical evidence in the record" such that they did not amount to severe impairments. ALJ Dec. 18, ECF No. 7-2 at PAGEID # 34.  The ALJ thus considered Plaintiff's syncope a "nonsevere physical impairment."  *Id.*

On objection, Plaintiff refers to the fact that he submitted an article about syncope during the ALJ hearing.  Obj. 2, ECF No. 11.   Plaintiff, however, offers no developed argument—other than his disagreement with the conclusion—that the ALJ erred in concluding the syncope was non-severe, as opposed to severe.[1] Thus, Plaintiff has failed to show any error in labelling the impairment non-severe instead of severe.

Second, to the extent Plaintiff argues the ALJ failed to include Plaintiff's syncope-related limitations within the RFC, he similarly fails.  The ALJ *did* consider the syncope during the RFC analysis and concluded that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these

---

[1] The contours of Plaintiff's objection are unclear.  Plaintiff does not explain whether he thinks the ALJ erred by labelling the syncope "non-severe" as opposed to "severe," or whether he thinks the ALJ failed to incorporate limitations caused by the non-severe syncope within Plaintiff's Residual Functional Capacity.  *See* Obj., ECF No. 11.  In an abundance of caution, the Court addresses the merits of both potential objections in the alternative to its conclusion that either objection was forfeited.

symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]"  ALJ Dec. 8, ECF No. 7-2 at PAGEID # 38.  Plaintiff cites to <u>nothing</u> in the record showing that Plaintiff's syncope caused any work-related functional limitations that the ALJ ignored.  He merely cites to the fact that the ALJ was made aware of "a four-page article" about syncope that apparently discussed the dangers of the condition.[2]  But a mere diagnosis does not necessarily result in functional limitations.  *E.g., Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) ("The mere diagnosis . . . of course, says nothing about the severity of the condition." (citation omitted)); *see also Lee v. Comm'r of Soc. Sec.*, 529 F. App'x 706, 713 (6th Cir. 2013) ("But not every diagnosable impairment is necessarily disabling." (citation omitted)); *Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 806 (6th Cir. 2008) ("[A] diagnosis . . . does not automatically entitle [Plaintiff] to disability benefits . . . .").  This is especially true where Plaintiff alleged a disability onset date of March 7, 2018, but testified that he hasn't fallen from syncope since 2012.  Application, ECF No. 7-5 at PAGEID # 187; Hr'g Tr. 20, ECF No. 7-2 at PAGEID # 67.  Thus, because Plaintiff fails to cite evidence that Plaintiff's syncope caused any specific functional limitations that the ALJ failed to consider, this formulation of the objection is overruled as well.

---

[2] The Court reviewed the transcript of the hearing and saw no reference to such an article.

## B. VE Testimony

Plaintiff's second objection is that his counsel submitted a hypothetical question to the VE during the hearing, and, in response, the VE testified that such a hypothetical claimant would be unable to perform work in the national economy.  Obj. 2, ECF No. 11.  Specifically, Plaintiff's counsel asked the VE if a hypothetical claimant would be able to perform the same jobs the VE had just listed if the claimant required the limitations put forth by the ALJ *and* could not stand for more than two or three minutes at a time or walk for more than fifteen or twenty feet.  Hr'g Tr. 30–31, ECF No. 7-2 at PAGEID ## 77–78.  The VE testified that the additional standing and walking limitations would preclude the hypothetical claimant's ability to perform the jobs she had just listed.[3]  *Id.*  Plaintiff's counsel argues that the ALJ ignored that portion of the VE's testimony.  *Id.*

The primary problem with this objection is that the ALJ did not adopt an RFC consistent with Plaintiff's hypothetical—the RFC adopted by the ALJ did not contain the standing and walking limitations from Plaintiff's counsel's hypothetical.  The ALJ presented the VE with a hypothetical consistent with the RFC that *was* adopted, and the VE testified that such a hypothetical claimant could perform significant work in the national economy.  Hr'g Tr. 28–9, ECF No. 7-2 at PAGEID ## 75–76; ALJ Dec. 11–12, ECF No. 7-2 at PAGEID # 41–42.

---

[3] Notably, the VE did *not* testify that such a hypothetical claimant would not be able to perform any work, and Plaintiff's counsel failed to ask whether there would be any jobs in the national economy that such a hypothetical claimant could perform.

Thus, the ALJ did not "ignore" the VE's testimony; the ALJ simply did not adopt Plaintiff's preferred RFC, which rendered that testimony irrelevant. *Cf. Lee*, 529 F. App'x at 715 ("An ALJ is only required to incorporate into a hypothetical question those limitations he finds credible." (citation omitted)).  As Plaintiff failed to demonstrate that the ALJ's RFC was not supported by substantial evidence, this objection lacks merit.

### III.     CONCLUSION

For the above reasons, Plaintiff's objections are **OVERRULED**, and the Court **AFFIRMS** the Commissioner's decision.  The Clerk shall enter judgment for Defendant and terminate this case.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**